*255 OPINION.
Littleton :
The evidence shows that the Neal Oil Investment Co., Inc., was engaged in trading as a principal, that considerable capital, either borrowed or invested, was used, and that the owner of 49 per cent of its capital stock was not regularly engaged in the active conduct of the business of the corporation. It was not, therefore, a personal service corporation and petitioner was -not entitled to any deduction from his income on account of whatever operating loss the corporation may have sustained. Petitioner claims that even though the Neal Oil Investment Co., Inc.,, may not have been a personal service corporation within the meaning of the statute he was nevertheless entitled to deduct from his gross income as a loss certain indebtedness of the corporation for which he, as endorser, was liable when the corporation was dissolved. The evidence is insufficient to show that petitioner was entitled to any deduction in this regard. At the end of 1921 the corporation was in process of liquidation. The stockholders paid no cash in to the corporation for their stock. The corporation had considerable assets at the time the dissolution resolution was adopted and recorded in the office of the Secretary of State and the two stockholders formed a partnership with Brothers to take over the assets of the corporation and to continue *256 business theretofore carried on by the Neal Oil Investment Co., Inc. There is no evidence as to the value of these assets. When the corporation became dissolved these assets became the property of the petitioner and the other stockholder. From a consideration of the entire record the Board is unable to find that petitioner sustained a deductible loss even if it were held that the corporation was finally dissolved in 1921.
Petitioner further claims that in 1921 he sustained losses totaling $16,502.50 on personal investments in land, leases, oil stocks, and royalty interests, but there is no sufficient evidence in the record from which the Board can determine, as a fact, what losses, if any, he sustained in 1921 in this regard.

Judgment will he entered for the respondent.